J-S34041-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMIAH POLKA | : | |
| | : | |
| Appellant | : | No. 18 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 29, 2022
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000590-2021

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: February 12, 2024**

Jeremiah Polka (Appellant) appeals from the judgment of sentence imposed following his conviction of driving under the influence of alcohol – general impairment (DUI); and his summary conviction of driving on roadways laned for traffic.[1]  Appellant's public defender (Counsel) has also filed a petition to withdraw as counsel and an accompanying brief in accordance with ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We grant Counsel's petition to withdraw and affirm the judgment of sentence.

On March 9, 2021, Appellant was subject to a traffic stop after failing to stay within his lane of travel.  During the stop, Pennsylvania State Police

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3309(1).

Trooper Victor Santoyo (Trooper Santoyo) detected the smell of alcohol and noticed Appellant had slurred speech and glassy, bloodshot eyes. Trooper Santoyo asked Appellant to complete field sobriety tests, during which Trooper Santoyo observed signs of impairment. Appellant was arrested on suspicion of DUI, and he refused a chemical breath test. The Commonwealth charged Appellant with DUI – general impairment, DUI – blood alcohol 0.02 or greater while license is suspended, driving on roadways laned for traffic, and driving with a suspended license.

Appellant filed a pre-trial motion in *limine* seeking to preclude introduction of dash cam video recordings (the video) from the traffic stop and the results of his field sobriety tests. After hearing argument,[2] the trial court granted the motion in part, and precluded admission of the results of Appellant's horizontal gaze nystagmus test.[3] The court denied the motion in all other respects.

The jury found Appellant guilty of DUI – general impairment. The trial court convicted Appellant of the summary offense of driving on roadways

_____

[2] The docket reflects Appellant filed his motion in *limine* on the day of trial. The trial court's order likewise indicates the court heard argument "on the record in chambers[,]" Trial Court Order, 7/14/22, although the certified record does not contain transcripts of the argument.

[3] The horizontal gaze nystagmus test is one of several commonly used field sobriety tests which assesses the subject's ability to focus. **See Commonwealth v. Conway**, 534 A.2d 541, 542 n.1 (Pa. Super. 1987).

laned for traffic, and found him not guilty of the remaining offense. On November 29, 2022, the trial court sentenced Appellant to 30 to 84 months in prison, consecutive to an unrelated, previously imposed sentence. The trial court also directed Appellant to pay costs, fees, and fines. Trial counsel[4] did not file a post-sentence motion on Appellant's behalf.

Public defender counsel James P. Spriestersbach, Esquire, entered his appearance on December 9, 2022, the last day on which Appellant could file a timely post-sentence motion. *See* Pa.R.Crim.P. 720(A)(1) (post-sentence motions must be filed within 10 days after the imposition of sentence). On the same date, Attorney Spriestersbach filed a motion for extension of time to file post-sentence motions, to permit Attorney Spriestersbach time to review the case, as he had only recently spoken to Appellant for the first time. Attorney Spriestersbach argued a post-sentence motion was necessary to preserve issues Appellant wished to raise on appeal. The trial court denied the motion.

Attorney Spriestersbach filed a timely appeal on Appellant's behalf. On July 3, 2023, Attorney Spriestersbach filed an application to withdraw from representation and *Anders* brief. Appellant did not file a *pro se* brief or respond to Attorney Spriestersbach's application to withdraw.[5]

---

[4] Appellant was represented by privately retained counsel at the time.

[5] The Commonwealth did not file a brief.

Attorney Spriestersbach stated in his **Anders** brief that Appellant wished to challenge the admission of the video. Attorney Spriestersbach claimed the issue was waived, because trial counsel did not object to the admission of the video during trial. During our initial review, this Court noted the following:

Generally, a party must make a contemporaneous and specific objection to the admission of evidence. **Commonwealth v. Boyd**, 679 A.2d 1284, 1289 (Pa. Super. 1996). However, "[c]onsistent with Pa.R.E. 103(a), a motion in *limine* may preserve an objection for appeal without any need to renew the objection at trial, but only if the trial court clearly and definitely rules on the motion." **Commonwealth v. McGriff**, 160 A.3d 863, 866 (Pa. Super. 2017) (citation and ellipses omitted); **see also** Pa.R.E. 103(b) ("Once the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal.").

Upon review, we agree that Appellant's trial counsel did not object to the video's admission. N.T., 7/14/22, at 31. However, Appellant challenged the admissibility of the dash cam video recordings in his motion in *limine*. **See** Motion in *Limine*, 7/14/22. Appellant's claim was sufficiently preserved for review because the trial court denied the portion of Appellant's motion challenging the admissibility of the video. As the trial court issued a definitive ruling, Appellant was not required to object to the admission of the video at trial in order to preserve the issue. Pa.R.E. 103(a), (b); **Commonwealth v. Stokes**, 78 A.3d 644, 652 (Pa. Super. 2013) ("Appellant preserved the issue by litigating the pre-trial motion in *limine*, and was not required to object to the trial court's ruling on the motion or place an objection on the record at trial in order to preserve the issue for appeal.").

**Commonwealth v. Polka**, 18 WDA 2023, 2023 WL 6939085 (Pa. Super. filed Oct. 20, 2023) (unpublished memorandum at 6-7). We therefore remanded the matter for Attorney Spriestersbach to address the issue by filing an

advocate's brief or a new **Anders** brief. **See id.** (unpublished memorandum at 7).

At the time of this Court's remand, Attorney Spriestersbach had left the public defender's office, and Counsel entered her appearance. Counsel filed a petition to withdraw and accompanying **Anders** brief on November 20, 2023. We subsequently directed Counsel to supply to this Court a copy of the letter advising Appellant of his rights to proceed *pro se* or with private counsel, in accordance with **Commonwealth v. Millisock**, 873 A.3d 748 (Pa. Super. 2005), as the letter was absent from the electronic filing. Counsel timely complied with our order, thus satisfying the initial requirements under **Anders**. **See Commonwealth v. Burwell**, 42 A.2d 1077, 1083 (Pa. Super. 2012) (requiring an attorney seeking to withdraw to (1) petition the court for leave to withdraw; (2) file a brief referring to any issues of arguable merit; and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise additional points he deems worthy of the court's attention).

Additionally, the Pennsylvania Supreme Court has determined that a proper **Anders** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Instantly, Counsel's *Anders* Brief summarizes the factual and procedural history of this appeal and explains Counsel's reasons for concluding the appeal is wholly frivolous. As Counsel has satisfied the procedural requirements of *Anders* and *Santiago*, we independently review the record to determine whether Appellant's appeal is, in fact, wholly frivolous.

Counsel again states that Appellant wishes to challenge the admission of the video. *Anders* Brief at 17. In particular,

> Appellant argues that the … video should not have been admitted as it was doctored, with certain portions of the … video removed or muted. Further, the Appellant appears to have expressed concern regarding the questioning of the Appellant by Trooper Santoyo that took place while the Appellant was being transported to [Pennsylvania State Police] barracks.

*Id.*

Counsel acknowledges that a motion in *limine* may preserve issues without the need to object again at trial. *See id.* at 16; *see also McGriff*, 160 A.3d at 866. However, Counsel claims the precise issue Appellant wishes to raise in this appeal (*i.e.*, concerning potential alterations made to the video and excerpts showing his transport to the police barracks) was not raised in the motion in *limine*.

Following review, we agree with Counsel that Appellant did not address his present argument in his motion in *limine*. In his motion in *limine*, Appellant sought to preclude introduction of the results of the field sobriety tests "and

[] the video of the tests[.]" Motion in *Limine*, 7/14/22, ¶ 3. Appellant raised specific arguments regarding the horizontal gaze nystagmus, one leg stand, and walk and turn tests. Then, in conclusion, he argued, "any testimony regarding the tests **and any video evidence of the performance of the tests** should be barred from evidence." ***Id.***, ¶ 11 (emphasis added). Appellant did not raise a more generalized challenge to the admissibility, authentication, or accuracy of the video in his motion in *limine*. As we acknowledged previously, Appellant's trial counsel did not object to the video's admission in any manner. ***See*** N.T., 7/14/22, at 31.

Citing a lack of opportunity to speak with Appellant, Counsel nonetheless addresses the merits of Appellant's claim. ***See*** Appellant's Brief at 18-21. We briefly do the same. During trial, but outside the presence of the jury, the prosecutor discussed alterations made to the video:

> I made a list, that I have provided to defense counsel[,] and I mentioned it to the [c]ourt earlier in chambers--I think it would just make sense for this to be part of the record. I am not asking that this be an exhibit that go[es back] with the jury. I just think for purposes of the record it … won't make any sense and there would be nothing documented of what portions were muted [by the prosecutor], so I have a list here of ten different portions of the video, along with a little bit of other information about the [video] itself. I have marked it as Commonwealth's Exhibit 2-A, so basically a companion exhibit to the [video] itself. I would just ask that this be admitted as part of the record but not an exhibit for the jury itself.

N.T., 7/14/22, at 35. Defense counsel did not object to the document's use as an accompaniment to the video. ***Id.*** When the jury returned to the courtroom, the trial court provided the following explanation:

> I am [] told by the attorneys that throughout this video there are a couple of places where [the prosecutor] has agreed to mute the audio because there is some discussion about matters that are not relevant to this case. Don't even try to concern yourself with what those are. … **That is by agreement with the attorneys**.

*Id.* at 36 (emphasis added).

Thus, the record reflects that Appellant was fully aware that portions of the video's audio had been muted. Defense counsel did not object to the video itself or the Commonwealth's accompanying document explaining the alterations, nor did defense counsel object after viewing the video in court. Appellant's argument concerning alterations to the video is therefore waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *McGriff*, 160 A.3d at 866 (stating "it is well-settled that a party must make a timely and specific objection at trial, and the failure to do so results in waiver of that issue on appeal.").

We agree with Counsel's assessment that Appellant's issue is waived, and the appeal is frivolous. Further, our independent review discloses no non-frivolous issues Appellant could raise on appeal. Accordingly, we grant Appellant's petition to withdraw and affirm Appellant's judgment sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 02/12/2024